**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| CHIROPARTNERS, INC., | : | |
| Plaintiff, | : | |
| v. | : | CA 1:12-00223-CG-C |
| STEVEN W. GRAVELY and JANE V. GRAVELY, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge for entry of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), on the defendants' motion to dismiss the first amended complaint for lack of jurisdiction (Doc. 20), filed June 1, 2012. After consideration of the motion and the parties' filings, it is the Magistrate Judge's **RECOMMENDATION** that the motion be **GRANTED** and that the first amended complaint (Doc. 19) be **DISMISSED WITHOUT PREJUDICE**.

<u>Background</u>

1.   <u>Procedural Background.</u>

Pursuant to the Magistrate Judge's June 5, 2012 Order (Doc. 21), the plaintiff filed an opposition (Doc. 22) on June 18, 2012, to which the defendants replied, on June 25, 2012 (*see* Doc. 23).   On July 17, 2012, concerned that not all required parties were joined in this lawsuit and that, moreover, the parties had raised but not sufficiently addressed this issue, key to the pending motion to dismiss, the Magistrate Judge ordered the plaintiff to respond, no later than July 31, 2012, with information regarding Beth Scherer or all other known owners of the "Back on Track" trademark/service mark (the "Mark"), the subject of this lawsuit.   (*See* Doc. 25.)   Instead of responding to that order, the plaintiff, on July 31, 2012, requested an extension, explaining that, although,

in its opinion,

> Ms. Scherer is not an active co-owner of the Mark, based upon the Court's Order, ChiroPartners determined that to dispel any further confusion or question about ChiroPartners's right to bring this lawsuit, it would obtain an assignment of rights in the Mark from Ms. Scherer to ChiroPartners. Based upon information and belief, Ms. Scherer will be willing to execute an assignment of any rights in the Mark for purposes of this lawsuit. However, ChiroPartners is still working to obtain such assignment and would request a one-week extension for responding to the Court's Order in light of these efforts.

(Doc. 27, ¶ 3.)[1]

The Magistrate Judge granted the requested extension, giving the plaintiff until August 7, 2012 to respond.   (*See* Doc. 28.)   On August 7, 2012, a second request for extension (Doc. 29), in which the plaintiff indicated that Dr. Scherer "has agreed to execute a limited assignment of her rights in the Mark, however, the parties are still negotiating the terms of this assignment"; that request was granted, giving the plaintiff until August 10, 2012 to respond (*see* Doc. 30).[2]   A third request, to extend the deadline

---

[1]      Ms. Scherer is actually Dr. Scherer, a chiropractor operating clinics in Birmingham, Alabama.

[2]      Because the plaintiff's original request for an extension indicated that it was the plaintiff's belief that Dr. Scherer was "willing to execute an assignment of **any** rights in the Mark for purposes of the lawsuit" (Doc. 27, ¶ 3 (emphasis added)), as opposed to executing a "*limited* assignment of her rights in the Mark," the Magistrate Judge further ordered the plaintiff to address how a "'limited assignment ' of [Dr.] Scherer's rights in the Mark impacts the Rule 19 analysis" (Doc. 30 at 1):

> For example, any limited assignment should guarantee that [Dr.] Scherer's remaining interest in the Mark, if any, is protected and also ensure that [Dr.] Scherer's absence from this lawsuit does not expose the defendants to a separate suit by [Dr.] Scherer for infringement of the Mark.   To ensure that all parties with any interest in the Mark were before the Court was the whole point in ordering the parties to supplement the record, and the undersigned is concerned that a "limited assignment" may not effectuate that goal.   The Court, therefore, strongly encourages the plaintiff to provide it authority, controlling or otherwise, to alleviate this concern.

(*Id.* at 1-2.)

to August 17, 2012, was made on August 10, 2012 (*see* Doc. 31); that request was also granted (*see* Doc. 32).   On August 17, 2012, unable to secure an assignment from Dr. Scherer, the plaintiff filed its response (Doc. 35), which the Magistrate Judge will address below.[3]

     2.    The Underlying Dispute and the Parties' Positions with regard to the <u>Motion to Dismiss.</u>

This dispute concerns the aforementioned "Back on Track" trademark/service mark (or the "Mark").   The plaintiff contends that it and "its president, Dr. Richard Rizzuto, have made continuous use of the Mark since 1993" (Doc. 22, ¶ 1) and that, "[i]n 2002, Dr. Rizzuto registered the Mark with the United States Patent [and] Trademark Office" (the "USPTO"), "but the registration lapsed for non-payment of renewal fees." (*Id.*)[4]   A purported copy of that registration, dated January 29, 2002, is attached to an affidavit provided by Defendant Steven Gravley in support of the defendants' motion to dismiss the amended complaint.   (*See* Doc. 20 at 12.)   The registration, which the plaintiff fails to contest, lists Dr. Rizzuto **and Beth Scherer**, at the same Birmingham,

---

[3]    On that date the defendants also filed a response, indicating their belief that the jurisdictional issues have been briefed and the Court should dismiss the lawsuit for lack of subject-matter jurisdiction (Doc. 34).

[4]    The plaintiff further provides:

In January 2006, Defendants entered into a license agreement . . . with [the plaintiff] and Dr. Rizzuto to use the Mark in the operation of Defendants' chiropractic clinic located in Orange Beach, Alabama.   The License Agreement expired on December 31, 2011 due to Defendants' failure to pay the annual license fees required under the terms of the License Agreement.   On February 12, 2011, Defendants filed a trademark application [with] the USPTO in [the] Mark.   In this application, Defendants alleged they had used the Mark since June 2005, claiming the period of licensed use as establishing Defendants' rights in the Mark.

(*Id.* (internal citations omitted).)

Alabama address, as the owners of the Mark.[5]

After this lawsuit was filed, Dr. Rizzutto assigned his rights in the Mark to the plaintiff effective January 1, 2010 (*see* Doc. 19, ¶ 11; Doc. 19-1), and while the defendants contend that this backdated assignment is an improper attempt to confer jurisdiction on this Court (Doc. 20 at 5), the plaintiff insists that the assignment "merely memorializes the prior conduct of the parties" and, regardless, the plaintiff is a proper party to bring this lawsuit (*see generally* Doc. 22).   On reply, the defendants, at least implicitly, concede that Dr. Rizzuto's assignment to the plaintiff confers standing to bring a trademark infringement claim: "the plaintiff . . . acquired only one-half of the owner[s'—only Dr. Rizzuto's—]interest in the Mark."   (Doc. 23 at 1-2.)   Thus, the Magistrate Judge finds, initially, that the plaintiff, as the assignee of ***an owner*** of a trademark, has standing to assert a claim of trademark infringement.   *See, e.g., Brooklyn Bottling of Milton, N.Y., Inc. v. Ecuabeverage Corp.*, No. 07 Civ. 8483(AKH), 2008 WL

---

[5]       "Under the Lanham Act, a certificate of registration of a trademark is *prima facie* evidence that the person or entity registering the mark is its owner, and that the mark is valid." *International Importers, Inc. v. Int'l Spirits & Wines*, LLC, No. 10–61856–CIV, 2011 WL 7807548, at *6 (S.D. Fla. July 26, 2011) (citing 15 U.S.C. § 1057(b)).   As stated above, the plaintiff has not presented evidence to rebut the certificate of registration provided by the defendants. Moreover, in its response to the July 17, 2012 Order (Doc. 25), the plaintiff informs the Court that Dr. Scherer "is the operator of a chiropractic clinic, ***under the Mark***, in Birmingham, Alabama." (Doc. 35, ¶ 3 (emphasis added).)

Even if Dr. Scherer had not used the Mark herself, which does not appear to be the case, the continual use of the Mark by a co-owner—Dr. Rizzuto and, later, the plaintiff—may be imputed to Dr. Scherer.   *See International Importers*, 2011 WL 7807548, at *5-7 (finding that a mark cannot be deemed abandoned by an owner where the mark has been continuously in use by a co-owner; "one co-owner's use of the mark can be imputed on the other co-owner") (citing *Mears v. Montgomery*, No. 02 Civ. 0407(MHD), 2006 WL 1084347, at *9 (S.D.N.Y. Apr. 24, 2006) (in which the court noted that "[t]he purpose of the 'use' requirement is to 'maintain the public's identification of the mark with the proprietor'"; therefore, as long as a co-owner uses the name for his or her own purpose, "there [is] no danger of improper identification of the owner of the Mark by the public, and [the owner] had no reason to take additional steps to use or protect the Mark") (quoting *Stetson v. Howard D. Wolf & Assocs.*, 955 F.2d 847, 851 (2d Cir. 1992)) (citation omitted)).

577288, at *1 (S.D.N.Y. Mar. 3, 2008) ("The language of 15 U.S.C. § 1114(1) is clear: Only the owner of the trademark is granted standing to assert a claim of trademark infringement.   Under the Act, that term includes the registrant and its 'legal representatives, predecessors, successors, and **assigns**.'   *Id.* at § 1127.") (emphasis added).

### 3.   Standing and Indispensible Parties.

The defendants' motion, brought pursuant to Rule 12(b)(1), and reply raise the argument that Dr. Scherer's absence from the lawsuit deprives the plaintiff of standing. While the defendants do not provide the Court with authority for this argument, in *International Importers, Inc. v. International Spirits & Wines, LLC*, No. 10–61856–CIV, 2011 WL 7807548 (S.D. Fla. July 26, 2011),[6] "the defendants [also] argue[d] that the plaintiff, as a part-owner of a mark, lack[ed] standing to bring [the] action without joining all other co-owners of the mark[,]" *id.* at *4.   There, the Court noted that "[t]he case law on standing as it pertains to co-owners of a trademark is scarce[,]" but determined that there was no "need to rule on the defendants' standing argument because the alleged standing deficiency [would] be cured and the argument rendered moot by [requiring] the plaintiff . . . join all other co-owner(s) of the mark."[7] *Id.*   The Magistrate Judge

---

[6]      The report and recommendation made by the Magistrate Judge was adopted by the District Judge over objections filed by the parties.   *See International Importers, Inc. v. Int'l Spirits & Wines, LLC*, No. 10–61856–CIV, 2012 WL 1638377, at *1 (S.D. Fla. May 9, 2012).

[7]      As the Magistrate Judge's previous order explained, co-owners of a trademark are indispensable parties that should be joined pursuant to Rule 19(a):

Rule 19(a), Federal Rules of Civil Procedure, provides, in part, that "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if . . . in that person's absence the court cannot accord complete relief among existing parties[.]"   FED. R. CIV. P. 19(a)(1)(A).   A party is also "required" if the party has an interest in the action and resolution of the action may either "as a practical matter impair or

attempted to achieve the same result in this case.    And in its response to the Magistrate Judge's July 17, 2012 Order (Doc. 25), the plaintiff concedes, "it appears that [Dr.] Scherer could be considered a co-owner of the Mark" (Doc. 35, ¶ 4). [8]

<u>Analysis</u>

With this background set out, the Magistrate Judge must now determine if this

---

impede the person's ability to protect the interest" or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations."  FED. R. CIV. P.  19(a)(1)(B). . . .

Co-owners of the Mark, if any there be[ ] "have an interest in this action[, and t]he resolution of this case may affect those interests."  *Id.*  If not all co-owners of the Mark are present, the defendants, moreover, may be at risk of multiple obligations.   For example, even if it is found that the defendants did not infringe the Mark, "[t]hat judgment would only be binding on the plaintiff.   It would not bar [any absent co-owners] from suing the defendants for infringement of the instant mark."  *Id.* (footnote omitted).

Further, as the court in *International Importers* noted, multiple district courts, including several in this Circuit, "have found that trademark owners constitute 'required' parties under Rule 19."  *Id.* (citing *Lisseveld v. Marcus*, 173 F.R.D. 689, 694 (M.D. Fla. 1997); *May Apparel Grp., Inc. v. Ava Import–Export, Inc.*, 902 F. Supp. 93, 96 (M.D.N.C. 1995); *JTG of Nashville, Inc. v. Rhythm Band, Inc.*, 693 F. Supp. 623, 626 (M.D. Tenn. 1988); *Marrero Enters. of Palm Beach, Inc. v. Estefan Enters. Inc.*, No. 06–cv–81036, 2007 WL 4218990, at *2 (S.D. Fla. Nov. 29, 2007); *Jaguar Cars Ltd. v. Mfrs. Des Montres Jaguar, S.A.*, 196 F.R.D. 306, 308 (E.D. Mich. 2000) ("Courts that have faced the issue have treated trademark owners as indispensable for Rule 19 purposes in infringement actions.") (citations omitted)); *see also Revolution Distrib. v. Evol Nutrition Assocs., Inc.*, No. CV 11–2120–PHX–JAT, 2012 WL 2368634, at *10 (D. Ariz. June 21, 2012) ("Trademark owners have been held by other courts to be indispensable parties to infringement actions under Rule 19 of the Federal Rules of Civil Procedure. Doing so protects the trademark holder's rights and interests, avoids multiple suits concerning the same basic facts, and also 'protects the public interest in efficiently utilizing judicial resources.'   Thus, when trademark owners cannot feasibly be joined to an infringement action for lack of personal jurisdiction, courts have dismissed the claims to which the owner is indispensible under Rule 19.") (quoting *May Apparel Grp.*, 902 F. Supp. at 96, and later citing *Jaguar Cars*, 196 F.R.D. at 310) (footnote omitted).

(Doc. 25 at 4-6 (footnote omitted).)

[8]    The plaintiff further informs the Court that it "is not aware of any other parties who could be considered co-owners of the Mark."    (*Id.*, ¶ 4.)

matter can proceed in this Court in its current form.   While the plaintiff agrees that "the proper analysis of this issue is whether dismissal is warranted under Rule 12(b)(7) . . . for failure to join an indispensable party under Rule 19[,]" it contends that "dismissal is not warranted because it is feasible for [Dr.] Scherer to be joined as a plaintiff, either voluntarily or involuntarily."   (Doc. 35, ¶ 5.)

Dismissal of an action pursuant to Rule 12(b)(7), for failure to join a party under Rule 19, is

> a two-step inquiry.   First, [a court must] decide whether an absent party is required in the case under Rule 19(a).   *See Molinos Valle del Cibao v. Lama*, 633 F.3d 1330, 1344 (11th Cir. 2011).   If the party is a required party, "the court must order that the person be made a party."   FED. R. CIV. P. 19(a)(2).   Second, if the parties cannot join the new party, the court must consider if, "in equity and good conscience, the action should proceed among the existing parties or should be dismissed."   FED. R. CIV. P. 19(b).

*International Importers*, 2011 WL 7807548, at *8; *see also Trantham v. American Cable & Tel., Inc.*, No. 6:09–cv–1147–Orl–31DAB, 2009 WL 3299816, at *1 (M.D. Fla. Oct. 13, 2000) ("In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(7), the Court engages in a two-part test: 'First, the court must ascertain under the standards of Rule 19(a) whether the person in question is one who should be joined if feasible.   If the person should be joined but cannot be (because, for example, joinder would divest the court of jurisdiction) then the court must inquire whether, applying the factors enumerated in Rule 19(a), the litigation may continue.'") (quoting *Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*, 669 F.2d 667, 669 (11th Cir. 1982)).

There appears to be no question that Dr. Scherer is an indispensable party under Rule 19(a) and should be joined if feasible.   And while the plaintiff insists that joinder of Dr. Scherer, "as a plaintiff, either voluntarily or involuntarily," is feasible because "[s]he is a resident of the state of Alabama and subject to the personal jurisdiction of

this Court" (Doc. 35, ¶ 6), it has not addressed *how* this should be accomplished.   The most logical course, however, appears to be dismissal, without prejudice, of the currently operative complaint, with the direction to the plaintiff to file an amended complaint naming Dr. Scherer as either a voluntary plaintiff or a defendant.

For example, in *Promega Corp. v. Max-Planck-Gesellschaft zur Forderung der Wiessenscaften E.V.*, No. 10–cv–281–bbc, 2010 WL 4683713 (W.D. Wis. Nov. 20, 2010), there was no disagreement that Max-Planck, as owner of one of three patents (the '984 patent) the defendants were accused of infringing, should be joined as an indispensable party, *see id.* at *3-4.   The question before the court was, instead, "*how* Max Planck must be joined," *id.* at *5 (emphasis in original), and the court rejected the plaintiff's decision to name Max Planck as an involuntary plaintiff and granted

> defendants' motion to dismiss the complaint as to plaintiff's claims under the '984 patent . . . [,] giv[ing] plaintiff an opportunity to file an amended complaint that either: (1) names Max Planck as a voluntary plaintiff (and is signed by counsel for Max Planck); (2) names Max Planck as a defendant (and is accompanied by proof of service); or (3) names Max Planck as an involuntary plaintiff and is accompanied by a motion demonstrating that plaintiff has satisfied the requirements of Rule 19.

*Id.*; *see also id.* at *4 ("[I]f a plaintiff is permitted to name anyone it wants as an involuntary plaintiff, without following a particular procedure, there is a danger that the absent party will not have sufficient notice or an adequate opportunity to protect its rights.").[9]

---

[9]   Because the plaintiff, thus far, has been unsuccessful negotiating a license from Dr. Scherer, she may also choose not to be a voluntary plaintiff.   In which case, if the plaintiff is correct, and Dr. Scherer is within the Court's jurisdiction, it appears that she should be named as a defendant.   *See, e.g., Murray v. Mississippi Farm Bureau Cas. Ins. Co.*, 251 F.R.D. 361, 364 (W.D. Wis. 2008) ("According to Federal Rule of Civil Procedure 19(a), when an indispensable party refuses to join as plaintiff in a suit, a party may 'be made a defendant, or, in a proper case, an involuntary plaintiff.'   Although no limitations are placed on the ability to add an indispensable party as a defendant, Rule 19(a) limits the naming of involuntary plaintiffs to

<u>Conclusion</u>

For the reasons stated herein, the Magistrate Judge **RECOMMENDS** that the defendants' motion to dismiss the first amended complaint (Doc. 20) be **GRANTED** and that the first amended complaint (Doc. 19) be **DISMISSED WITHOUT PREJUDICE** to allow the plaintiff to add Dr. Scherer, a co-owner of the Mark and, therefore, an indispensable party under Rule 19, as either a voluntary plaintiff or a defendant.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 24th day of August, 2012.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

'proper case[s]' only.   Traditionally, a 'proper case' is one in which the involuntary plaintiff is outside the court's jurisdiction and is under some obligation to join the plaintiff's lawsuit but has refused to do so.") (citing, *inter alia*, *Independent Wireless Tel. Co. v. Radio Corp. of Am.*, 269 U.S. 459, 472 (1926) (cited in notes to Fed. R. Civ. P. 19(a) as "a proper case for [joining an] involuntary plaintiff")).

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.   Any party who objects to this recommendation or anything in
it must, within fourteen (14) days of the date of service of this document, file specific
written objections with the Clerk of this court.   Failure to do so will bar a *de novo*
determination by the district judge of anything in the recommendation and will bar an
attack, on appeal, of the factual findings of the Magistrate Judge.   *See* 28 U.S.C. §
636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677
F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).   The procedure for challenging the findings
and recommendations of the Magistrate Judge is set out in more detail in S.D. Ala. L.R.
72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in
> a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A),
> by filing a "Statement of Objection to Magistrate Judge's
> Recommendation" within ten days[10] after being served with a copy of the
> recommendation, unless a different time is established by order.   The
> statement of objection shall specify those portions of the recommendation
> to which objection is made and the basis for the objection.   The objecting
> party shall submit to the district judge, at the time of filing the objection, a
> brief setting forth the party's arguments that the magistrate judge's
> recommendation should be reviewed *de novo* and a different disposition
> made.   It is insufficient to submit only a copy of the original brief
> submitted to the magistrate judge, although a copy of the original brief
> may be submitted or referred to and incorporated into the brief in support
> of the objection.   Failure to submit a brief in support of the objection may
> be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals;
only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.   Pursuant to 28
U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the Magistrate Judge finds that the tapes and
original records in this case are adequate for purposes of review.   Any party planning
to object to this recommendation, but unable to pay the fee for a transcript, is advised
that a judicial determination that transcription is necessary is required before the United
States will pay the cost of the transcript.

---

[10]      Effective December 1, 2009, the time for filing written objections was extended to
"14 days after being served with a copy of the recommended disposition[.]"   FED. R. CIV. P.
72(b)(2).