IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHIROPARTNERS, INC., ) <br> BACK ON TRACK ) <br> CHIROPRACTIC & ) <br> WELLNESS CENTER, P.C., ) <br> DR. RICHARD RIZZUTO, ) <br> and DR. BETH SCHERER ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STEVEN W. GRAVELY and ) <br> JANE V. GRAVELY, ) <br> ) <br>     Defendants. ) | Civil Action No. 1:12-cv-00223 |

## SECOND AMENDED COMPLAINT

Plaintiffs ChiroPartners, Inc. ("ChiroPartners"), Back on Track Chiropractic & Wellness Center, P.C. ("Chiropractic & Wellness Center"), Dr. Richard Rizzuto, and Dr. Beth Scherer (collectively referred to as "Plaintiffs") respectfully file this Complaint against Defendants Steven W. and Jane V. Gravely ("Defendants"). This Second Amended Complaint replaces fully the Complaint and First Amended Complaint which were filed before this Court on March 28, 2012 and June 1, 2012 respectively.

221629.4

## NATURE OF THE ACTION

1. This is an action for permanent injunctive relief and damages for trademark infringement, false or fraudulent trademark registration, unfair competition, intentional interference with business relations, and breach of contract.

2. Plaintiffs bring this action to prevent the continuing and irreparable harm that Plaintiffs are suffering and will continue to suffer due to Defendants' willful infringement of Plaintiffs' rights in the "Back on Track" trademark/service mark ("Mark").

## THE PARTIES

3. Plaintiff ChiroPartners is an Alabama corporation and is an owner of the rights in the Mark.

4. Plaintiff Chiropractic & Wellness Center is an Alabama corporation and is an owner of rights in the Mark.

5. Plaintiff Dr. Rizzuto is an individual residing in Baldwin County, Alabama and has assigned his ownership rights in the Mark to ChiroPartners.

6. Plaintiff Dr. Beth Scherer is an individual residing in Jefferson County and has assigned her ownership rights in the Mark to Chiropractic & Wellness Center.

7. Defendant Steven W. Gravely is an individual residing in Baldwin County, Alabama.

8. Defendant Jane V. Gravely is an individual residing in Baldwin County, Alabama.

9. Upon information and belief, Defendants own and operate a chiropractic clinic in Orange Beach, Alabama and are unlawfully using the Mark in the operation of this chiropractic clinic.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this case pursuant to the Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. § 1051, *et. seq.* Further, this Court has supplemental jurisdiction over any Alabama law claims under 28 U.S.C. § 1367.

11. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims asserted here occurred in this judicial district.

## BACKGROUND AND FACTS

12. Dr. Rizzuto and Dr. Beth Scherer, the original owners of the Mark, each assigned their rights in the Mark to their respective entities, ChiroPartners and Chiropractic & Wellness Centers, effective January 1, 2010. Attached hereto as Attachment A are true and correct copies of these assignments.

13. Plaintiffs have made continuous use of the Mark since 1993.

14. Chiropractic & Wellness Centers owns and operates a clinic in Birmingham, Alabama that operates under the Mark.

15. ChiroPartners licenses the Mark to six (6) chiropractic clinics in Alabama for chiropractic and wellness services.

16. ChiroPartners' license agreements grants its licensees non-exclusive rights to the Mark and the logo associated with the Mark in exchange for a reasonable annual fee.

17. Defendants entered into a license agreement with ChiroPartners and Dr. Rizzuto to use the Mark in the operation of Defendants' chiropractic clinic located in Orange Beach, Alabama. In consideration for Defendants' continued use of the Mark, Defendants agreed to pay ChiroPartners and Dr. Rizzuto an annual fee of $2,000.00. Attached hereto as Attachment B is a true and correct copy of this license agreement.

18. Due to Defendants' failure to pay the annual fee, the license agreement between the parties expired on December 31, 2011. Despite this expiration, Defendants have continued to use the Mark in the operation of Defendants' chiropractic clinic. ChiroPartners and Dr. Rizzuto have not consented to this use.

19.     Dr. Rizzuto and Dr. Scherer successfully registered the Mark with the federal trademark registration on January 29, 2002. This registration lapsed for non-payment of renewal fees.

20.     On February 12, 2011, Defendants filed a trademark application with the United States Patent Trademark Office ("USPTO") in ChiroPartners's Mark.

21.     In the trademark application, Defendants alleged that they had used the mark since June 5, 2005, claiming the period of licensed use as establishing Defendants' rights in the Mark.

22.     Despite actual knowledge that ChiroPartners was using the Mark, Defendants signed a USPTO declaration in furtherance of their trademark application representing that "to the best of [Defendants'] knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive[.]"

23.     Defendants even included as exemplars to the trademark application, advertising created by, paid for, and even picturing the individual owners of the genuine Back on Track Mark.

24. Defendants' registration was deemed successful on September 13, 2011. Attached hereto as Attachment C is a true and correct copy of this registration.

25. Upon information and belief, Defendants have made representations to would-be business partners of ChiroPartners to the effect that Defendants own rights in the Mark and have informed existing licensees of ChiroPartners that Defendants, and not ChiroPartners, are the owners of rights in the Mark.

## COUNTS

### Count I: Federal Trademark Infringement (15 U.S.C. § 1125)

26. Plaintiffs reallege and reincorporate each and every allegation of Paragraphs 1-25 as though fully set forth herein.

27. Plaintiffs have continuously owned the rights to the Mark since 1993 and have exclusively reserved the use of the Mark for themselves and their licensees.

28. Defendants' right to use the Mark ceased when the license agreement was terminated.

29. Notwithstanding termination, Defendants continued to use the Mark in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

30. This continued use is likely to cause confusion among consumers with Plaintiffs' lawful use of the Mark.

31.     Unless enjoined, Defendants will continue their unlawful actions, resulting in confusion and deception in trade and irreparable injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs are entitled to permanent injunctive relief preventing the ongoing infringement of the Mark. In addition, Plaintiffs have suffered damages in an amount the exact calculation of which requires discovery from Defendants and perhaps third parties.

## Count II: Alabama Common Law Trademark Infringement

32.     Plaintiffs reallege and reincorporate each and every allegation of Paragraphs 1-31 as though fully set forth herein.

33.     Defendants' conduct constitutes trademark infringement under the common law of the State of Alabama, as the continued use by Defendants of the Plaintiffs' Mark is likely to cause confusion among consumers with Plaintiffs' lawful use of the Mark.

34.     Defendants' conduct is intentional, willful, and indicates a complete disregard for Plaintiffs' rights and without legal justification.

35.     Unless enjoined, Defendants will continue their unlawful actions, resulting in confusion and deception in trade and irreparable injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs are entitled to permanent injunctive relief preventing the ongoing infringement of the Mark. In addition, Plaintiffs have suffered damages in an amount the exact calculation of which requires discovery from Defendants and perhaps third parties.

## County III: False or Fraudulent Trademark Registration (15 U.S.C. § 1120)

36. Plaintiffs reallege and reincorporate each and every allegation of Paragraphs 1-35 as though fully set forth herein.

37. Defendants have obtained a registration from the USPTO attached hereto as Attachment C.

38. In order to obtain this registration, Defendants signed a USPTO declaration as set forth below:

> The undersigned, being hereby warned that willful false statements and the like so made are **punishable by fine or imprisonment**, or both, under 18 U.S.C. Section 1001, and that such **willful false statements, and the like, may jeopardize the validity of the application** or any resulting registration, declares that he/she is properly authorized to execute this application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; **he/she believes the applicant to be the owner or the trademark/service mark** sought to be registered, or, if the application being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; **to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive;** and that all statements

made of his/her own knowledge are true; and that all statements mad on information and belief are believed to be true.

(Emphasis added).

39. At the time Defendants made this declaration to the USPTO, they were aware that Plaintiffs were using the Mark.

40. By making such a declaration, Defendants made a false or fraudulent representation to the USPTO to obtain the registration that is at Attachment C.

41. Defendants have used this trademark registration (Attachment C) to advance their own chiropractic operations.

42. Defendants have made representations to would-be business partners to the effect that Defendants own rights in the Mark.

43. Defendants have informed existing licensees of ChiroPartners that Defendants, and not Plaintiffs, are the owners of rights in the Mark.

44. Defendants have wrongfully cast doubt on Plaintiffs' rights in the Mark.

WHEREFORE, Plaintiffs have suffered damages in an amount the exact calculation of which requires discovery from Defendants and perhaps third parties.

### Count IV: Unfair Competition

45. Plaintiffs reallege and reincorporate each and every allegation of Paragraphs 1-44 as though fully set forth herein.

46. The activities of Plaintiffs have built up goodwill symbolized by the Mark and have created property of Plaintiffs, which is of inestimable value.

47. Defendants, with the intent to profit at no expense to itself, but at Plaintiffs' expense, have taken for their own benefit and misappropriated to their own use Plaintiffs Mark.

48. The foregoing conduct of Defendants constitutes common law unfair competition.

49. Unless enjoined, the defendant will continue their acts of unfair competition, resulting in confusion and deception in trade and irreparable injury to Plaintiffs, for which Plaintiffs has no adequate remedy at law.

WHEREFORE, Plaintiffs are entitled to permanent injunctive relief preventing the unfair competition. In addition, Plaintiffs have suffered damages in an amount the exact calculation of which requires discovery from Defendants and perhaps third parties.

### Count V: Interference with Business Relations

50. Plaintiffs reallege and reincorporate each and every allegation of Paragraphs 1-49 as though fully set forth herein.

51. Defendants are using the Mark in a manner that is confusingly similar to Plaintiffs' Mark.

52. Defendants' conduct is an attempt to misappropriate Plaintiffs' goodwill by "passing off" or otherwise attempting to create an association between Defendants' services and those of Plaintiffs, and by doing so, interferes with Plaintiffs' customers that are seeking out services from Plaintiffs and/or ChiroPartners's licensees.

53. Specifically, Defendants' conduct is interfering with Plaintiffs' customers by intentionally, and without justification, causing the public to believe that Defendants' services are the same as Plaintiffs' services, are authorized, sponsored or approved by Plaintiffs, or are otherwise affiliated or connected with Plaintiffs' services and clinics.

54. Defendants' conduct is purposeful, willful, wanton and committed heedlessly without regard to the consequences and the rights of Plaintiffs.

55. As a proximate result of Defendants' conduct, Plaintiffs have suffered and will continue to suffer irreparable injury to its business and business relationships and direct harm and consequential damages.

56. There is no adequate remedy at law to protect Plaintiffs' substantial business and property rights.

WHEREFORE, Plaintiffs are entitled to preliminary and permanent injunctive relief preventing Defendants' interference with Plaintiffs' business

relations. In addition, Plaintiffs have suffered damages in an amount the exact calculation of which requires discovery from Defendants and perhaps third parties.

### Count VI: Breach of Contract – Failure to Pay Amounts Due

57. Plaintiffs reallege and reincorporate each and every allegation of Paragraphs 1-56 as though fully set forth herein.

58. Under the terms of the license agreement, Defendants retained the right to use the Mark contingent upon Defendants' payment of an annual fee. *See* Attachment B, §§ 3.1, 3.2.

59. Defendants have not paid the annual fee due under the terms of the license agreement.

60. Defendants have breached the terms of the license agreement by continuing to use the Mark despite this failure of payment.

WHEREFORE, ChiroPartners and Dr. Rizzuto have suffered damages in an amount the exact calculation of which requires discovery from Defendants and perhaps third parties.

### Count VII: Attorney's Fees (15 U.S.C. § 1117)

61. Plaintiffs reallege and reincorporate each and every allegation of Paragraphs 1-60 as though fully set forth herein.

62. Defendants have willfully infringed upon Plaintiffs' rights in the Mark.

63. Plaintiffs are entitled to reimbursement of the attorneys' fees and costs associated with its enforcement of the license agreement and with its action related to the Defendants' continuing and unlawful use of the Mark.

WHEREFORE, Plaintiffs have suffered damages in an amount the exact calculation of which requires discovery from Defendants and perhaps third parties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request:

(a) an entry of judgment in its favor against Defendants;

(b) a permanent injunction restraining Defendants, their officers, agents and employees, and all persons acting in concert with them, from engaging in any further such acts in violation of:

    1. trademark laws;

    2. laws preventing unfair competition; and

    3. laws prohibiting interference with business relations;

(c) a permanent injunction restraining Defendants, their officers, agents and employees, and all persons acting in concert with them, from using the mark "Back on Track Chiropractic and Wellness Centers."

(d) actual damages, an amount to be proven and/or an amount to be determined by the Court to be just and proper.

(e) interest, costs and attorneys' fees;

(f)   seizure, impoundment and destruction of all infringing products; and

(g)   such other relief as the Court deems just and proper.

## PRAYER FOR JURY

Plaintiffs seek a trial by jury on all issues.

Respectfully submitted this the 16th of October, 2012,

/s/Neah L. Mitchell
One of the Attorneys for Plaintiffs

**OF COUNSEL:**

Will Hill Tankersley (TANKW5375)
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-5613

Neah L. Mitchell (MITC0033)
BALCH & BINGHAM LLP
Post Office Box 78
Montgomery, AL 36101-0078
Telephone: (334) 834-6500
Facsimile: (334) 269-3115

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing and/or that a copy of the foregoing has been served upon the following by United States Mail, properly addressed and postage prepaid to the following:

Edward G. Hawkins
HAWKINS LAW FIRM, LLC
306 St. Francis Street
Mobile, Alabama 36602

This the 16th day of October, 2012.

/s/ Neah L. Mitchell
Of Counsel