## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

CHIROPARTNERS, INC., BACK     *
ON TRACK CHIROPRACTIC &
WELLNESS CENTER, P.C., DR.    *    **Civil Action No: 1:12-cv-00223**
RICHARD RIZZUTO, and DR.
BETH SCHERER,             *
     Plaintiffs,
vs.                         *

**STEVEN W. GRAVELY and**
**JANE V. GRAVELY,**
     Defendants.

### Defendants' Answer
### To The Second Amended Complaint

Come Now Steven W. Gravely and Jane V. Gravely, Defendants, and respond to the Second Amended Complaint as follows:

1.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 1 of the Second Amended Complaint.

2.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 2 of the Second Amended Complaint.

3.      Defendants admit that ChiroPartners, Inc., is an Alabama corporation. Defendants deny all other allegations set forth in Paragraph 3 of the Second Amended Complaint.

4.      Defendants admit that Back on Track Chiropractic & Wellness Center, P.C. is an Alabama corporation.  Defendants deny all other allegations set forth in Paragraph 4 of the Second Amended Complaint.

5.      Defendants admit that Dr. Richard Rizzuto is an individual residing in Baldwin County, Alabama.  Defendants deny all other allegations set forth in Paragraph 5 of the Second Amended Complaint.

6.      Defendants admit that Dr. Beth Scherer is an individual residing in Jefferson County, Alabama.  Defendants deny all other allegations set forth in Paragraph 5 of the Second Amended Complaint.

7.      Admitted.

8.      Admitted.

9.      Denied.

10.     Admitted.

11.     Admitted.

12.     Defendants admit that after Defendants moved on April 24, 2012, [Doc. 8] to dismiss the original complaint in this action, Dr. Richard Rizzuto signed an

2

undated purported assignment of rights in the Mark to Chiropartners, Inc.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 12 of the Second Amended Complaint regarding any assignment of rights in the Mark by Dr. Beth Scherer.  Defendants deny all other allegations set forth in Paragraph 12 of the Second Amended Complaint.

13.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 13 of the Second Amended Complaint.

14.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 14 of the Second Amended Complaint.

15.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 15 of the Second Amended Complaint.

16.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 16 of the Second Amended Complaint.

17.     Defendants admit that on January 3, 2006, Chiropartners, Inc., purported to grant to Gravely Chiropractic PC a license to use the Mark, even though

Answer To Second
Amended Complaint

Chiropartners, Inc., had no rights in the Mark at that time.  Defendants deny all other allegations set forth in Paragraph 12 of the Second Amended Complaint.

18.    Denied.

19.    Admitted.

20.    Defendants admit that or or around February 12, 2011, Defendant Jane V. Gravely filed an application with the United States Patent Trademark Office to register the lapsed Mark. Defendants deny all other allegations set forth in Paragraph 20 of the Second Amended Complaint.

21.    Denied.

22.    Denied.

23.    Denied.

24.    Denied.

25.    Denied.

## Count 1
## Federal Trademark Infringement
## (15 U.S.C. §1125)

26.    Defendants adopt, incorporate, and re-aver Paragraphs 1 through 25 of this Answer.

27.    Denied.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Denied.

## Count 2
## Alabama Common Law Trademark Infringement

32.    Defendants adopt, incorporate, and re-aver Paragraphs 1 through 31 of this Answer.

33.    Denied.

34.    Denied.

35.    Denied.

## Count 3
## False or Fraudulent Trademark Registration
## (15 U.S.C. §1120)

36.    Defendants adopt, incorporate, and re-aver Paragraphs 1 through 35 of this Answer.

37.    Denied.

38.    Denied.

39.    Denied.

Answer To Second
Amended Complaint

40.    Denied.

41.    Denied.

42.    Denied.

43.    Denied.

44.    Denied.

## Count 4
## Unfair Competition

45.    Defendants adopt, incorporate, and re-aver Paragraphs 1 through 44 of this Answer.

46.    Denied.

47.    Denied.

48.    Denied.

49.    Denied.

## Count 5
## Interference With Business Relations

50.    Defendants adopt, incorporate, and re-aver Paragraphs 1 through 49 of this Answer.

51.    Denied.

52.    Denied.

Answer To Second
Amended Complaint

53.    Denied.

54.    Denied.

55.    Denied.

56.    Denied.

**Count 6**
**Breach of Contract**
**Failure To Pay Amounts Due**

57.    Defendants adopt, incorporate, and re-aver Paragraphs 1 through 56 of this Answer.

58.    Denied.

59.    Denied.

60.    Denied.

**Count 7**
**Attorney's Fees**
**(15 U.S.C. §1117)**

61.    Defendants adopt, incorporate, and re-aver Paragraphs 1 through 60 of this Answer.

62.    Denied.

63.    Denied.

Answer To Second
Amended Complaint

## Denial of All Other Claims

Defendants deny all other claims, allegations, assertions, averments,  and/or prayers for relief in the Second Amended Complaint not heretofore admitted.

## First Affirmative Defense

Plaintiffs do not have the exclusive right to own, use, and license the Mark because parties other than the Plaintiffs or their alleged licensees are using the Mark and because parties other than the Plaintiffs or their alleged licensees have currently registered the Mark for the same general international class of goods and services.

## Second Affirmative Defense

Plaintiffs have lost any rights that they had to the Mark through misuse and abandonment.

## Third Affirmative Defense

Plaintiffs' failure to exercise appropriate control and supervision over their licensees concerning the use of the Mark constitutes abandonment and misuse of the trademark protection for the Mark.

Answer To Second
Amended Complaint

**Fourth Affirmative Defense**

Plaintiffs are barred by laches from asserting their claims against the Defendants.

Respectfully submitted,

**STEVEN W. GRAVELY and JANE V. GRAVELY**,

By Their Attorney:

Edward G. Hawkins
HAWKINS LAW FIRM, L.L.C.
306 St. Francis Street
Mobile, Alabama  36602
251-690-7799  FAX 251-690-7330
*ed@hawklegal.com*

By: _____
EDWARD G. HAWKINS
HAWKE7776

9

Answer To Second
Amended Complaint

## CERTIFICATE OF SERVICE

I hereby certify that on this the 9th day of November, 2012, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, and I request the Court to serve the same electronically upon the following counsel:

Will Hill Tankersley (TANKW5375)    Neah L. Mitchell (MITC0033)
Balch & Bingham LLP                 Balch & Bingham LLP
Post Office Box 306                  Post Office Box 78
Birmingham, AL 35201-0306           Montgomery, AL 36101-0078
Telephone: (205) 251-8100           Telephone: (334) 834-6500
Facsimile: (205) 226-5613           Facsimile: (334) 269-3115
*wtankers@balch.com*                *nmitchell@balch.com*
   Attorney for Chiropartners, Inc.       Attorney for Chiropartners, Inc.


_____
EDWARD  G. HAWKINS

☐

Gravely, Ans 01.121109.wpd

10