IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHIROPARTNERS, INC., et al., | : | |
|     Plaintiffs, | : | |
| v. | : | CA 1:12-00223-CG-C |
| STEVEN W. GRAVELY and JANE V. GRAVELY, | : | |
|     Defendants. | : | |

## SUPPLEMENTAL RULE 16(b) SCHEDULING ORDER

After consideration of pleadings in this matter and the report of the parties' planning meeting (Doc. 51), submitted pursuant to Court order (Doc. 50) after the unsuccessful settlement conference on January 30, 2013, the following scheduling order is entered pursuant to Fed. R. Civ. P. 16(b):

1.  ISSUES SUBJECT TO DISCOVERY. Those specific discovery issues identified by the parties in paragraph 2 of the Rule 26(f) report are the only issues subject to discovery.

2.  DISCOVERY COMPLETION DATE. **All** discovery is to be completed on or before **July 19, 2013**. **Requests for extension of this deadline will be viewed with great disfavor and will not be considered except upon a showing (1) that extraordinary circumstances require it and (2) that the parties have diligently pursued discovery.**

    For all actions, "completed" means that all depositions have been taken; interrogatories, requests for admissions, and requests for production filed and responded to; physical inspections and testing concluded; physical and mental examinations concluded; and motions to compel filed.

3.  INITIAL DISCLOSURES. The initial disclosures required by Fed. R. Civ. P. 26(a)(1) were to have been exchanged by **December 19, 2012**.

4.  AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES. The parties must file any motions for leave to amend the pleadings and to join other parties no later than **March 22, 2013**.

5.  EXPERT TESTIMONY. The expert reports as required by Fed. R. Civ. P. 26(a)(2)(B) shall be produced by the plaintiffs on or before **April 29, 2013** and by the defendants on or before **June 10, 2013**. In addition, any Rule 26(a)(2)(C) disclosures are to be made by the plaintiffs on or before **April 29, 2013** and by the defendants on or before **June 10, 2013**. Rebuttal evidence, authorized by Rule 26(a)(2)(D), shall be

disclosed on or before **May 29, 2013** by the defendants and **July 10, 2013** by the plaintiffs. **An expert's deposition, if taken, must be noticed and completed within thirty (30) days of the date on which the expert's report is disclosed.**

All challenges to expert witnesses, including *Daubert* motions, must be filed in advance of the Final Pretrial Conference and not later than October 28, 2013.

      6.    PRETRIAL DISCLOSURES.   The time for **disclosing** the information required by Fed. R. Civ. P. 26(a)(3) shall be not later than **October 28, 2013**.

      7.    SUPPLEMENTATION.   Supplementation of disclosures and responses as required by Fed. R. Civ. P. 26(e) is to be accomplished "at appropriate intervals" and "seasonably," but not later than **thirty (30) days after the close of the discovery period**.

      8.    FINAL PRETRIAL CONFERENCE.   This action shall be pretried by United States District Judge Callie V. S. Granade on **November 18, 2013, at 3:30 p.m., in Mobile, Alabama**.  This is a **firm** pretrial setting and the parties should be ready for trial by the pretrial conference.  Requests for extending the convening of the pretrial conference **will be granted only if good cause for the extension has been exhibited. A COPY OF JUDGE GRANADE'S STANDING ORDER GOVERNING HER FINAL PRETRIAL CONFERENCES IS ATTACHED.  NO ADDITIONAL NOTICES REGARDING THE FINAL PRETRIAL CONFERENCE WILL BE NECESSARY.**

      9.    TRIAL DATE.   Jury selection shall be on **December 3, 2013, at 8:45 a.m., in Mobile, Alabama**.   And this matter—which the parties estimate will take approximately **two (2) days** to try—shall be tried during the month of **December, 2013**, the exact trial date to be set at the final pretrial conference.

      10.    DISCOVERY LIMITS.   Discovery is limited as follows:

      a.    Not more than **25** interrogatories, including all discrete subparts, may be served by each party upon any other party.   Responses are due within 30 days of service;

      b.    Not more than **five (5)** depositions may be taken by each side.   All depositions are limited to a maximum of **seven (7) hours** unless extended by agreement of the parties.

      c.    Not more than **25** requests for admissions, including all discrete subparts, may be served by each party to any other party.   This limitation excludes requests for authentication.   Responses are due within 30 days of service;

      d.    Not more than **25** requests for production of documents, including all discrete subparts, may be served by each party to any other party.   Responses are due within 30 days of service.   **Subpoenas *duces tecum* to a party ordering such party**

**to produce documents or things at trial shall not be used to circumvent the limitations placed on discovery.**

In applying these limits, all parties represented by the same counsel will be treated as a single party.

11.   <u>DISCOVERY MOTIONS</u>.   The following requirements pertain to discovery motions filed in this Court:

a.   <u>Conferencing by Counsel</u>.   The conferencing requirement of Rules 26(c)(1), 37(a)(1), and 37(d)(1)(B), Fed. R. Civ. P., will be strictly enforced. This requirement will also apply to a motion for physical and mental examination pursuant to Fed. R. Civ. P. 35(a) and a motion to determine sufficiency pursuant to Fed. R. Civ. P. 36(a).  Any such motion not containing the required certification will be stricken.[1]

---

[1] Based on the undersigned's experience with the different interpretations practitioners have given to the mandate that they make a good faith effort to resolve discovery disputes before bringing them before the Court, some guidance is deemed necessary.  All three referenced sections of the Federal Rules of Civil Procedure employ the same language, that the motions be accompanied by a certification that the movant "has in good faith conferred or attempted to confer" with other affected parties or persons, prior to seeking the Court's help in resolving discovery disputes.  In this context, confer means "to have a conference; compare and exchange ideas; meet for discussion; converse."  WEBSTER'S NEW WORLD DICTIONARY (College Ed., 1968).  A conference is "[a] meeting of several persons for deliberation, for the interchange of opinion, or for the removal of differences or disputes."  BLACK'S LAW DICTIONARY (4th ed. 1968).

Therefore, simply corresponding with opposing counsel is not considered a good-faith attempt to confer or have a conference to resolve discovery disputes.  *See generally Robinson v. Napolitano*, No. CIV. 08-4084, 2009 WL 1586959 (D.S.D. June 4, 2009) (denying the government's motion to compel discovery "without prejudice to the government's ability to renew such motion after satisfying the condition precedent of conferring with Mr. Robinson in a ***good faith*** effort to resolve the outstanding discovery disputes between the parties") (emphasis in original); *see also id.* at *3-4 (collecting cases that "put 'flesh on the bone' of the meet-and-confer requirement"—'"conferment" [per Rule 37] requires the parties 'to have had an actual meeting or conference'" (quoting *Shuffle Master, Inc. v. Progressive Gams, Inc.*, 170 F.R.D. 166, 170-171 (D. Nev. 1996)); "counsel calling opposing counsel and leaving a vague message two hours before filing the discovery motion does not satisfy the meet-and-confer requirement" (citing *Alexander v. FBI*, 186 F.R.D. 197, 198-199 (D.D.C. 1999)); "the meet-and-confer requirement [is not] satisfied by the sending of a letter that indicated that a motion to compel would be filed if the opposing party did not comply with discovery requests" (citing *Bolger v. District of Columbia*, 248 F.R.D. 339, 343-344 (D.D.C. 2008)); "sending a letter discussing the discovery issue did not satisfy the meet-and-confer requirement or the pre-requisite of a certification of having conferred in good faith" (citing *Ross v. Citifinancial, Inc.*, 203 F.R.D. 239, 239-40 (S.D. Miss. 2001)); "the meet-and-confer requirement is intended to require counsel to '***converse, confer, compare views, consult and deliberate***'" (quoting *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999)) (emphasis added)).

b.      <u>Time of Filing; Form</u>.  A motion for protective order pursuant to Fed. R. Civ .P. 26(c), a motion for physical and mental examination pursuant to Fed. R. Civ. P. 35(a), a motion to determine sufficiency pursuant to Fed. R. Civ. P. 36(a), and a motion to compel pursuant to Fed. R. Civ. P. 37 shall be brought in a timely manner so as to allow sufficient time for the completion of discovery according to the schedule set by the Court.  Any such motion shall quote <u>in</u> <u>full</u> (1) each interrogatory, request for admission or request for production to which the motion is addressed, <u>or</u> otherwise identify specifically and succinctly the discovery to which objection is taken or from which a protective order is sought, and (2) the response or the objection and grounds therefor, if any, as stated by the opposing party.  Unless otherwise ordered by the Court, the complete transcripts or discovery papers are <u>not</u> to be filed with the Court unless the motion cannot be fairly decided without reference to the complete original.

c.      <u>Time for Responses</u>.  Unless within fourteen (14) days after the filing of a discovery motion the opposing party files a written response thereto, the opportunity to respond shall be deemed waived and the Court will act on the motion.  Every party filing a response shall file with the response a memorandum of law, including citations of supporting authorities and any affidavits and other documents setting forth or evidencing facts on which their response is based.

d.      <u>Privilege or Protection of Trial Preparation Materials</u>.  The provisions of Fed. R. Civ. P. 26(b)(5) will be strictly enforced in those rare situations in which privilege or work product protection is invoked.   Rule 26(b)(5) information shall be disclosed in a "privilege log" served with the objections to production.  The "privilege log" shall, at a minimum, contain the facts suggested in paragraph K (pages 8-11) of the <u>Introduction to Civil Discovery Practice in the Southern District of Alabama</u>, Civil Discovery Committee (1998) (distributed by the Clerk with the Local Rules).

12.     <u>DISPOSITIVE MOTIONS</u>.  The Court considers dispositive motions, particularly summary judgment motions, to be appropriate methods for pretrial resolution of claims or defenses, or portions thereof, that do not contain disputed material facts, thus reducing the triable issues.  In order to ensure that all issues are presented in sufficient time for the Court to reach a decision prior to trial, the parties *shall* identify the claims or defenses that do not require a trial in a properly-supported dispositive motion, filed not later than **August 16, 2013**.

13.     <u>BRIEFS; LETTERS; COURTESY AND DUPLICATE COPIES; FAXING OF DOCUMENTS</u>.

a.      A brief filed in support of or in opposition to any motion shall not exceed thirty (30) pages in length and a reply brief by movant shall not exceed fifteen (15) pages in length.   Attachments to a brief do not count toward the page limitation.  *See* S.D. ALA. L.R. 7.1(b).

b.      An application to the Court for an order shall be by motion, not by letter.   *See* FED. R. CIV. P. 7(b).   Any objection or response to a motion or to any other

4

matter is to be done in a properly-styled and captioned paper, not by letter. *See* S.D. ALA. L.R. 5.1(d).

   c. Except as otherwise provided herein, courtesy copies of pleadings, motions or other papers filed in the action are not to be provided to the Judge or the Judge's Chambers. A copy of a pleading, motion or other paper that has been previously filed in the action is not to be attached to a subsequently-filed pleading, motion or other paper; it may be adopted by reference. If a party's exhibits in support of or in opposition to a motion exceed 50 pages in the aggregate, then that party must deliver a courtesy hard copy of those exhibits to Chambers by mail or hand delivery.

   d. Papers transmitted to the Court by facsimile will not be accepted for filing. A copy of this Court's policy regarding the faxing of documents can be found on the Court's website, http://www.alsd.uscourts.gov.

  14. MODIFICATION OF RULE 16 ORDERS. All parties are reminded that this scheduling order shall not be modified except upon a showing of good cause and by leave of Court. An order entered after the final pretrial conference shall be modified only to prevent manifest injustice. FED. R. CIV. P. 16(b) & (e)

  15. SETTLEMENT/ADR. A substantial percentage of the civil actions filed in this Court eventually settle, so early settlement negotiations are strongly encouraged in order to preserve scarce judicial resources and litigation costs. If settlement negotiations prove unsuccessful, the parties may seek further assistance through the procedures set forth in this Court's Alternative Dispute Resolution Plan. Accordingly, the parties are **ORDERED** to file a written assessment of the possibility of resolving the issues in this case through a recognized ADR procedure. The written assessment shall be filed as soon as possible during the discovery process but no later than **July 19, 2013**. *See* FED. R. CIV. P. 16(c)(2)(I).

  16. LOCAL RULES. All parties are reminded that the Local Rules of this district contain important requirements concerning the commencement of discovery, motions to dismiss and for summary judgment, and other matters. They are reprinted in ALABAMA RULES OF COURT (West Publishing Co.) and ALABAMA RULES ANNOTATED (The Michie Co.), but are amended from time to time. A current version may be obtained from the Clerk or downloaded from the Court's website, http://www.alsd.uscourts.gov. Local Rule 5.5(a) proscribes the filing of most discovery materials.

  17. ELECTRONICALLY-STORED INFORMATION ("ESI"). The parties have provided their views regarding the preservation and production of ESI. (*See* Doc. 51, ¶ 2.h.) Their agreements are incorporated into this order. And any variance from them must be explained fully in any motion brought regarding ESI.

  18. SANCTIONS. The unjustified failure of a party or a party's attorney to timely comply with the requirements of this scheduling order shall be deemed a failure

to obey the scheduling order and shall subject said party or party's attorney to one or more of the sanctions authorized by Rule 16(f).

**DONE and ORDERED** this the 20th day of February, 2012.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**
