IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHIROPARTNERS, INC., et al., | : | |
|    Plaintiffs, | : | |
| | | |
| vs. | : | Civil Action No. 1:12-cv-00223-CG-C |
| | | |
| STEVEN W. GRAVELY and | : | |
| JANE V. GRAVELY | : | |
|    Defendants. | : | |

## MOTION FOR PARTIAL SUMMARY JUDGMENT
## COUNT III OF THE SECOND AMENDED COMPLAINT
## FALE OR FRAUDULENT TRADEMARK REGISTRATION

There is currently a Motion to Dismiss Count III (Doc 65) pending before this court but with the deadline for dispositive motions looming, should that motion be denied, Come Now Steven W. Gravely and Jane V. Gravely, Defendants, appearing specially, and move the court pursuant to Rule 56 of the Federal Rules of Civil Procedure to grant summary judgment on Count III of the Plaintiffs' Second Amended Complaint.

## UNDISPUTED FACTS

1. Dr. Rizzuto and Dr. Scherer successfully registered the Mark with the federal trademark registration on January 29, 2002. This registration lapsed for non-payment of renewal fees. (*Doc 39 ¶ 19*)

2. On February 12, 2011, Defendant Jane Gravely filed a trademark application with the United States Patent and Trademark Office. (*Doc 39 ¶ 20 & Doc 42 ¶20*)

3. Defendant Jane Gravely's registration was deemed successful on September 13, 2011. (*Doc 39 ¶¶ 24 & 37*)

4. In order to obtain this registration, Defendant Jane Gravely signed a USPTO declaration as set forth below:

> The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner or the trademark/service mark sought to be registered, or, if the application being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; **to the best of his/her knowledge and belief no other** person, firm, corporation, or association **has the right to use** the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause

confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true. (Emphasis added) (*Doc 39 ¶ 38*)

5. At the time Defendant Jane Gravely made this declaration to the USPTO, she was aware that ChiroPartners was using the Mark. (*Doc 39 ¶ 39*)

6. Defendant Jane V. Gravely released all her claims and rights in and to the Mark by instrument filed with the United States Patent and Trademark Office on April 5, 2012. [DEx-4 to Affidavit of Steven W. Gravely, April 24, 2012.] *(Doc 8 ¶ 9 & Doc 20 ¶ 11.)*

7. The records of the U.S. Patent and Trademark Office show that the Mark is "Dead" and that the cancellation date was "May 16, 2012." [DEx5 to Affidavit No. 2 of Steven W. Gravely, June 1, 2012.] *(Doc 20 ¶ 9.)*

## ARGUMENT

Defendants' motion must be granted as a matter of law. There are two essential components that must be examined here, fraud and injury. As for the first part, the claim is brought under 15 USC § 1120 which states: "Any person who shall procure registration in the Patent and Trademark Office of a mark by a false or fraudulent declaration or representation, oral or in writing, or by any false means, shall be liable..." On August 31, 2009, the Federal Circuit overturned a line of TTAB decisions that had held that an applicant/registrant committed fraud in the

procurement of a trademark registration when it "knew or should have known" that a material statement made to the PTO was false. *In re Bose Corp.*, 91U.S.P.Q.2d 1938 (Fed. Cir. 2009) The Federal Circuit found that the TTAB's decisions lowered the standard for finding fraud to simple negligence, and instead held that an applicant's/registrant's subjective intent to deceive the PTO must be proven through clear and convincing evidence. *Id.* at 1940-41. Under this new *Bose* standard the person asserting a fraud claim must now plead and prove the applicant's/registrant's subjective intent to deceive. The Plaintiffs have failed to allege any "intent to deceive the USPTO" by the Defendants and have offered no evidence to prove any intent to deceive ever occurred. (Doc 39 ¶ *36-44)*

Defendant Jane V. Gravely did file application to the USPTO and did sign a declaration stating: "... to the best of (her) knowledge and belief no other person, firm, corporation, or association **has the right to use** the mark in commerce..." She made this declaration in good faith based off of information provided by the USPTO showing the Plaintiffs' former mark as dead. *(Doc 20 DEx-1).* Since Rizzuto and Scherer's mark showed as "Dead", Jane believed they previously **had the right** to use the mark, but their rights had expired. This belief and position is further supported by communication with the Trademark Assistance Center (USPTO) in which they stated "The previous owner lost all trademark rights to this registration due to the USPTO due diligence policy." (USPTO Service Request

number: 1-206825790). Jane V. Gravely's application may have had misinformation but clearly she had no intent to deceive the USPTO.

In addition, it should be noted that Jane Gravely's application/registration was made under International Classification 044 *(Doc 39-1)* whereas Plaintiffs' application/registration was for International Classification 042 *(Doc 8 & 20 DEx-1)*.

As for the second part, under 15 USC § 1120: "Any person... shall be liable in a civil action by any person injured..." The Plaintiffs have failed to allege any injury by the Defendants specific to the registration and have offered no evidence to prove any injury ever occurred. (Doc 39 ¶ *36-44)* Despite making allegations 41-44, when asked who would have knowledge of discoverable matter, the Plaintiffs responded "... and the persons contacted to license the disputed Mark, the identities of whom are unknown to the Plaintiffs." *(Plaintiffs' Responses to Defendants' First Discovery Requests, pg 4, #4)* Belief alone is not enough to prove the claim; there must be some facts/evidence. Also showing there is no evidence of existence of injury is the Plaintiffs' response when asked for tax documents of "The Plaintiffs are seeking the Defendant's profits and the Plaintiffs' attorneys' fees, not lost income." *(Responses to Requests for Production, pg 8-9, #2)* Clearly, the Plaintiffs have no claim of financial injury. No injury occurred because registration alone is not sufficient to cause injury and upon finding out

Rizzuto and Scherer arguably had rights under common law or because of continuous use to the Mark, Jane immediately surrendered her registration *(Doc 20 DEx-4)* before having made any use of the Mark in any way whatsoever.

## CONCLUSION

There is no genuine dispute as to any material facts as it relates to this claim. Plaintiffs have failed to allege or offer any evidence of the Defendants' intent to deceive the USPTO as required for a fraud claim to be successful. In addition Plaintiffs have failed to allege or offer any evidence of injury as related to Count III. Defendants are entitled to judgment as a matter of law. For any or all of the reasons stated above, Defendants' Motion for Summary Judgment on Count III should be granted.

Respectfully submitted this the 14th day of August, 2013.

_____
Jane V. Gravely

_____
Steven W. Gravely
Defendant, *pro se*
GRAVS8049
By: Steven W. Gravely
2659 Hampton Park Circle
Foley, AL 36535
251-213-8210  FAX 251-980-2779
*swgravely@hotmail.com*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 14th day of August, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I request the Court to serve the same electronically upon the following counsel:

Will Hill Tankersley(TANKW5375)
Balch & Bingham LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-5613
*wtankers@balch.com*
    Attorney for Plaintiffs

Neah L. Mitchell (MITC0033)
Balch & Bingham LLP
Post Office Box 78
Montgomery, AL 36101-0078
Telephone: (334) 834-6500
Facsimile: (334) 269-3115
*nmitchell@balch.com*
    Attorney for Plaintiffs

/s/Steven W. Gravely