IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHIROPARTNERS, INC., BACK ON TRACK CHIROPRACTIC & WELLNESS CENTER, P.C., DR. RICHARD RIZZUTO, and DR. BETH SCHERER, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CIVIL ACTION NO. 12-0223-CG-C |
| STEVEN W. GRAVELY and JANE V. GRAVELY, | ) ) ) | |
| Defendants. | ) | |

**ORDER**

This cause is before the court on the defendants' motion to dismiss Count II of the second amended complaint (Doc. 65); motion to dismiss Count VII of the second amended complaint (Doc. 68); and motions for partial summary judgment (Docs. 69, 70,71,72).  Any party opposing the motions must file a response in opposition on or before **September 6, 2013**.  The response to the motions for partial summary judgment must conform to the requirements set forth in Rule 56 of the Federal Rules of Civil Procedure and Local Rule 7.2, copies of which are attached.  If the moving party deems it necessary to reply, the reply brief must be filed on or before **September 20, 2013.**

The court will take the motions under submission on **September 23, 2013**.  Once the motions are taken under submission no further briefs, pleadings or

submissions related to the issues raised on summary judgment may be filed unless the proponent obtains leave of court for good cause shown.  The motions to dismiss and motions for partial summary judgment are being submitted without oral argument.  Should the court determine that oral argument is necessary, a hearing date will be scheduled later.

## NOTICE TO UNREPRESENTED PARTIES

If any party is appearing without counsel (*pro se*), they are advised out of a height of caution that the granting of this motion would represent a final adjudication of the matters raised in the motion which may foreclose subsequent litigation on those matters.  *See McBride v. Sharpe,* 25 F.3d 962, 968 (11th Cir. 1994)(*en banc*) *cert. denied*, 513 U.S. 990, 115 S.Ct. 489, 130 L.Ed.2d 401 (1994)("Moreover, when a pro se litigant is involved, we have interpreted Rule 56(c) to require that the district court specifically inform the litigant (1) of the need to file affidavits or other responsive materials, and (2) of the consequences of default.")

**EXPLANATION OF RULE 56 OF THE FEDERAL RULES OF CIVIL PROCEDURE:**  The summary judgment procedure established in Rule 56 provides a means of promptly disposing of cases without a trial where there is no genuine issue as to any material fact or where only a question of law is involved.  Summary judgment goes to the merits of a claim, and, if granted, will be a final decision on any claim to which it was applicable.  On the other hand, a denial of a motion for summary judgment is not a decision on the merits but is simply a finding that there

is an issue which can be decided only after a trial.  Of course, a motion for summary judgment which is denied may be renewed at a later time if justified by the facts of the case.

A party may move for summary judgment at any time until 30 days after the close of all discovery.  The response of any party opposing the motion shall be filed within the time periods established herein.  Any party opposing the motion has the right to file sworn affidavits, documentary evidence, other material opposing the motion, and a brief containing any legal arguments contrary to those presented by the party who filed the motion.  Any evidence submitted by the party who filed the motion may be accepted as the truth if not so contradicted.

Affidavits either in support of or in opposition to a motion for summary judgment must meet the following conditions:

(1) They must show that the person making the affidavit has personal knowledge of the matters about which he swears.
(2) They must set forth facts which would be admissible in evidence.
(3) They must affirmatively show that the person making the affidavit is competent to testify about the matters contained in his affidavit.
(4) A certified or sworn copy of any papers or documents referred to in an affidavit must be attached to the affidavit.

With permission of the court, affidavits may be supplemented, or opposed, by depositions, answers to interrogatories, or additional affidavits.  Failure to respond to this motion for summary judgment may result in final judgment being rendered in favor of the party who filed the motion, without a full trial.  It is important to note that, except in certain circumstances, a person against whom a

motion for summary judgment is filed may not rely on the allegations of his pleadings.  In other words, a plaintiff against whom a motion for summary judgment is filed must oppose that motion by response as provided in the rules.

If a party against whom a motion for summary judgment is pending is unable to secure affidavits to oppose the motion, that party may file a motion fully explaining why such affidavits are unavailable and may request the court to consider any difficulty in opposing the motion.  If the court should find that any affidavit, either in support of or in opposition to, a motion for summary judgment was made in bad faith, the court shall order the party using a bad faith affidavit to pay to the other party their reasonable expenses, including attorney fees, incurred because of the bad faith affidavit.  In addition, the party using a bad faith affidavit may be adjudged guilty of contempt.

**DONE and ORDERED** this 19th day of August, 2013.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE

**RULE 56. SUMMARY JUDGMENT**

**(a) By a Claiming Party.**  A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or party of the claim.
**(b) By a Defending Party**. A party against whom relief is sought may move, with or without affidavits, for summary judgment on all or part of the claim.
**(c) Time for a Motion, Response, and Reply; Proceedings.**  (1) These time apply unless a different time is set by local rule or the court orders otherwise:  (A) a party may move for summary judgment at any time until 30 days after the close of all discovery.  (B) a party opposing the motion must file a response within 21 days after the motion is served or a responsive pleading is due, whichever is later; and (C) the movant may file a reply within 14 days after the response is served. (2) The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.
**(d) Case Not Fully Adjudicated on Motion**. (1) Establishing Facts.  If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue.  The court should so determine by examining the pleadings and evidence before it and by interrogating the attorneys.  It should then issue an order specifying what facts - including items of damages or other relief - are not genuinely at issue.  The facts so specified must be treated as established in the action. (2) Establishing Liability.  An interlocutory summary judgment may be rendered on liability alone, even if there is a genuine issue on the amount of damages.
**(e) Affidavits; Further Testimony; (1) In General.** A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated.  If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit.  The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits. **(2) Opposing Party's Obligation to Respond.** When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must - be affidavits or as otherwise provided in this rule - set out specific facts showing a genuine issue for trial.  If the opposing party does nota so respond, summary judgment should, if appropriate, be entered against that party.
**(f) When Affidavits Are Unavailable**. If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify is opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue an other just order.
**(g) Affidavit Submitted in Bad Faith**. If satisfied that an affidavit under this rule is submitted in bad faith or solely for delay, the court must order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result.  An offending party or attorney may also be held in contempt.
(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 30, 2007; eff. Dec. 1, 2007; Mar. 26, 2009; eff. Dec. 1, 2009, absent contrary Congressional action.)

**Local Rule 7.2: MOTIONS FOR SUMMARY JUDGMENT**
        **(a)        Accompanying Pleadings and Documents.**  Any motion for summary judgment shall be accompanied by a brief in support of the motion together with suggested Determinations of Undisputed Fact and Conclusions of Law, appropriately designated, stated in separately numbered paragraphs with all findings of fact appropriately referenced to the supporting document or documents filed in the action or in support of the motion, together with an proposed order of judgment, all in such form as counsel shall deem sufficient to sustain his position on appeal in the event he is the prevailing party.
        **(b)        Response of Opposing Party.**  Within thirty (30) days thereafter, or as may be otherwise ordered, the party or parties in opposition shall file a brief in opposition thereto, and, if it is contended that there are material factual disputes, shall point out the disputed facts appropriately referenced to the supporting document or documents filed in the action.  Failure to do so will be considered an admission that no material factual dispute exists; provided, that nothing in this rule shall be construed to require the non-movant to respond in actions where the movant has not borne its burden of establishing that there is no dispute as to any material fact